# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NATIONAL CITY MORTGAGE,

    Plaintiff,

        v.

MIGUEL I. VELEZ-RUIZ and EMILY A. VIVES,

    Defendants.

CIVIL ACTION NO. 3:09-cv-0426

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Presently before the Court is Plaintiff National City Mortgage's Complaint, filed March 6, 2009.  (Doc. 1.)

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Plaintiff alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. "It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904).  Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* FED R. CIV. P. 12(h)(3)  (a court must dismiss an action if it determines it lacks subject matter jurisdiction).

In this case, the Plaintiff's Complaint fails to demonstrate the requirements of federal subject matter jurisdiction.   In viewing the Complaint, some facts have been alleged regarding the citizenship of the parties, but the facts alleged are insufficient. Section 1332(c)(1) deems a corporation to be a citizen of both its state of incorporation and its principal place of business.  28 U.S.C. § 1332(c)(1).  Plaintiff alleges in the Complaint that it is a corporate body having its principal place of business in Ohio and that Defendants are citizens of Pennsylvania.  (Compl. ¶ 1a, Doc. 1.)  Plaintiff fails to allege its citizenship based on its state of incorporation.  Diversity is thus insufficiently alleged as to Plaintiff's citizenship.  Accordingly, the Court will dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**NOW**, this  12th   day of March, 2009, **IT IS HEREBY ORDERED THAT** Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.   The Clerk of the Court shall mark this case **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge